# KENTON K. BERGSTROM, Appellant, v. THE ESTATE OF DEAN M. DeVOE, Respondent.

## No. 22869

June 22, 1993          854 P.2d 860

*Hunterton & Naylor* and *William C. Carrico* and *Terry John Care,* Las Vegas, for Appellant.

*Smith & Maurer,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This appeal addresses the propriety of an award of damages for breach of contract following rescission of that contract.

## FACTS

In early 1984, Gordon LaPointe ("LaPointe") and Morris Wright ("Wright") opened what would become Decatur Equipment Rental ("DER"). To be competitive in the equipment rental business, DER needed to borrow $350,000.00 to purchase additional equipment. Valley Bank, under the auspices of the Small Business Administration ("SBA"), was willing to loan DER the necessary funds. The SBA, however, required collateral. LaPointe sought the collateral from his stepfather, Dean M. DeVoe ("Mr. DeVoe"). Mr DeVoe invested cash in DER and gave the SBA two service stations for collateral. Mr. DeVoe acquired a one-third interest in DER.

In November 1984, Mr. DeVoe informed LaPointe that he wanted out of DER. For this to occur, DER needed to substitute the collateral that Mr. DeVoe had committed to the SBA. Unfortunately, neither LaPointe nor Wright had enough property to make the substitution. Mr. DeVoe suggested to LaPointe that an acquaintance, Kenton K. Bergstrom ("Bergstrom"), might help.

Bergstrom and DeVoe entered into an agreement whereby Bergstrom would purchase Mr. DeVoe's interest in DER and would substitute with his own property the collateral that Mr. DeVoe had given the SBA. The agreement also provided that Bergstrom would purchase Mr. DeVoe's interest in DER for $80,000.00, payable in $2,000.00 monthly installments at ten percent interest. Further, the agreement provided that Bergstrom would "substitute collateral of the kind and manner to be approved by a representative of Valley Bank of Nevada so as to completely relieve Seller DeVoe of any and all outstanding collateral obligations currently in effect for and on behalf of [DER]."

Bergstrom paid Mr. DeVoe $60,000.00 via the monthly payments required by the agreement. Bergstrom tendered an additional thirteen $2,000.00 checks to Mr. DeVoe, but Mr. DeVoe returned each one. Unfortunately, Bergstrom's attempts to substitute Mr. DeVoe's collateral were unsuccessful. At the time of trial the SBA still held one of Mr. DeVoe's service stations as collateral.

In September 1986, Mr. DeVoe filed a complaint against Bergstrom seeking rescission and damages for breach of contract. Mr. DeVoe died in 1987. In April 1988, Bergstrom filed a complaint against Wright, LaPointe, DeVoe's estate and DER, seeking a

declaration of ownership of DER stock. The district court consolidated the cases and tried them without a jury. During the trial DeVoe's estate failed to present any evidence regarding its damages. Nevertheless, the district court ordered the agreement rescinded and concluded: (1) that DeVoe's estate was entitled to $101,988.00 ($80,000.00 principal plus interest); (2) that Bergstrom was entitled to none of the DER stock; and (3) that DeVoe's estate was entitled to retain the DER stock.

On appeal, Bergstrom argues that the district court, having rescinded the contract, erred by awarding DeVoe's estate damages. Bergstrom argues that absent fraud, rescission and an award of damages for breach of contract are incompatible remedies. Under the facts of this case, we agree and reverse.

## DISCUSSION

Rescission is an equitable remedy which totally abrogates a contract and which seeks to place the parties in the position they occupied prior to executing the contract. Crowley v. Lafayette Life Ins. Co., 683 P.2d 854 (Idaho 1984); Breuer-Harrison, Inc. v. Combe, 799 P.2d 716 (Utah Ct.'App. 1990); Busch v. Nervik, 687 P.2d 872 (Wash.Ct.App. 1984). The purpose of this is to prevent harm to the defendant; the defendant should not by rescission sacrifice the benefits of the agreement and at the same time not be restored the benefits he previously conferred upon the plaintiff. Thorstenson v. ARCO Alaska, Inc., 780 P.2d 371 (Alaska 1989).

> "When a contract has been partially performed, and one of the parties to it makes default, the other has a choice of remedies. He may and he must rescind or affirm the contract, *but he cannot do both.* If he would rescind it, he must immediately return whatever of value he has received under it, and then he may defend against an action for specific performance . . . and he may recover back whatever he has paid . . . . He cannot at the same time affirm the contract by retaining its benefits and rescind it by repudiating its burdens." German Sav. Inst. v. De La Vergne Refrig. Mach. Co., 70 F. 146 (C.C.A. 8th, 1895).

5 Arthur Linton Corbin, CORBIN ON CONTRACTS § 1114 (1964) (emphasis added). Further, there can be no partial rescission; a contract is either valid or void *in toto.* Holden v. Dubois, 665 P.2d 1175 (Okla. 1983).

Because a rescinded contract is void *ab initio,* following a lawful rescission the "injured" party is precluded from recover-

ing damages for breach just as though the contract had never been entered into by the parties.[1] Whiteley v. O'Dell, 548 P.2d 798 (Kan. 1976); Berland's Inc. of Tulsa v. Northside Village Shopping Center, Inc., 447 P.2d 768 (Okla. 1968).

In his complaint, Mr. DeVoe's first cause of action sought damages for breach of contract. Mr. DeVoe's second cause of action sought rescission. Although NRCP 8(a) permitted Mr. DeVoe to demand alternative remedies, he was not entitled to both forms of relief because obtaining both rescission and damages for breach of contract constitutes a double recovery.

Following trial, the district court issued findings of fact and conclusions of law. The district court concluded that the "Agreement, in so far [sic] as Bergstrom and DeVoe are concerned, is rescinded and the stock is declared to be the property of and owned by the estate of DeVoe and Bergstrom is not entitled to any interest therein." In addition, the district court concluded that "DeVoe is hereby awarded the sum of $101,988.00 as compensatory and consequential damages against Bergstrom. $60,000[.00] of this amount has been paid leaving $41,988.00 . . . ."

Adhering to the general canons of rescission set forth above, we conclude that it would have been proper to rescind the contract *or* to award damages for breach of that contract. It was, however, improper to both rescind the contract and to award damages for breach. *See* Sprouse v. Wentz, 105 Nev. 597, 781 P.2d 1136 (1989). Upon rescission, the parties should have been returned as closely as possible to their respective positions prior to entering into the contract. Specifically, once the district court granted rescission, Bergstrom should have been returned to his status quo. That is, the district court should have ordered DeVoe's estate to return to Bergstrom the $60,000.00 Mr. DeVoe received from Bergstrom pursuant to the terms of the contract.

In addition, we observe that DeVoe's estate presented virtually no evidence of its damages as a result of Bergstrom's failure to substitute the collateral held by the SBA. The plaintiff bears the burden of proving he was damaged and of proving the extent of those damages. Chicago Title Agency v. Schwartz, 109 Nev. 415, 851 P.2d 419 (1993). Having no evidence of either the existence of damages or the extent of DeVoe's estate's alleged damages

---

[1]We recognize that this general rule may not apply where the defendant is guilty of fraud. *See, e.g.,* Jennings v. Lee, 461 P.2d 161 (Ariz. 1969); Fousel v. Ted Walker Mobile Homes, Inc., 602 P.2d 507 (Ariz.Ct.App. 1979). However, we are unable to conclude that Bergstrom committed fraud and thus we need not reach this issue.

before it, the district court erred in awarding DeVoe's estate $101,988.00 as compensatory and consequential damages. Accordingly, we reverse the damages award and remand to the district court for further proceedings. On remand, we instruct the district court to order DeVoe's estate to return to Bergstrom the $60,000.00 Bergstrom paid Mr. DeVoe pursuant to the terms of the contract.