**THE GARSHMAN COMPANY, LTD., Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, INC., Defendant.**

Civil Action No. 95–10975–NMG.

United States District Court, D. Massachusetts.

Feb. 18, 1998.

Louis M. Ciavarra, Richard A. Sheils, Jr., Bowditch & Dewey, Worcester, MA, for Plaintiff.

Michael R. Heyison, Hale & Dorr, Boston, MA, Barbara Friedman Yaksic, Benesch, Friedlander, Caplan & Aronoff, Cleveland, OH, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On October 30, 1997, after a four-day jury trial, the jury in this case rendered a verdict in favor of the plaintiff, The Garshman Company, Ltd. ("Garshman") on various claims it asserted against General Electric Company ("GE"). Pending before this Court are 1) GE's motion for a new trial or, in the alternative, for remittitur, 2) GE's motion for a stay of judgment, 3) Garshman's motion to amend or alter judgment and 4) Garshman's motion for costs and attorneys' fees.

### I. *Background*

On or about April 6, 1994, GE, Garshman and The Second Source signed an agreement ("the Auction Agreement") relating to the auction of the machinery, equipment and inventory of the Springer Mine ("the Mine"), owned by GE. Later that month, the parties learned that Sky Scientific, Inc. ("Sky") was interested in buying the Mine's assets and some of the surrounding land. On May 16, 1994, a letter of intent for such a purchase was signed by Sky and GE. Although GE and Sky subsequently signed an Asset Purchase and Sale Agreement, the sale was never consummated.

On or about April 28, 1995, Garshman filed suit against GE for 1) breach of contract, 2) *quantum meruit,* 3) estoppel, 4) breach of the implied covenant of good faith and fair dealing and 5) violation of M.G.L. c. 93A. The trial which commenced on October 27, 1997,

resulted in a jury verdict in favor of Garshman.[1] The jury found that:

1) GE withdrew the Mine's assets from the scheduled auction without a waiver by Garshman,

2) GE unreasonably terminated the Auction Agreement,

3) GE breached an oral agreement between the parties by failing to pay Garshman's commission after it procured a buyer who paid a non-refundable deposit and signed a letter of intent,

4) GE was estopped from denying its obligation to pay Garshman's commission in connection with the sale of the Mine,

5) Garshman was entitled to recover under its *quantum meruit* claim, and

6) GE breached the implied covenant of good faith and fair dealing.

## II. *Analysis*

### A. *GE's Motion for a New Trial*

■ GE seeks a new trial with respect to Garshman's claim for breach of the implied covenant of good faith and fair dealing on which the jury awarded Garshman $100,-000. A new trial may be granted to any party on all or part of the issues, Fed. R.Civ.P. 59(a), but a court may set aside a jury's verdict and order a new trial only if the verdict is against the weight of the credible evidence or results in a blatant miscarriage of justice. *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 717 (1st Cir.1994).

■ Nevada law recognizes two distinct causes of action for breach of the implied covenant of good faith and fair dealing, one based upon contract law and the other upon tort law. *A.C. Shaw Constr., Inc., A.C. v. Washoe County*, 105 Nev. 913, 784 P.2d 9, 10 (1989). Under the contract-based cause of action, the plaintiff may recover only contract damages. *Id.* Because Garshman seeks to recover damages over and above those it recovered for GE's breach of contract, its cause of action must necessarily be for tor-

tious breach of an implied covenant of good faith and fair dealing. *See id.*

■ An action for such a tortious breach requires a special element of·reliance or fiduciary duty and is limited to "rare and exceptional cases". *Great American Ins. Co. v. General Builders, Inc.*, 113 Nev. 346, 934 P.2d 257, 263 (1997) (*quoting K Mart Corp. v. Ponsock*, 103 Nev. 39, 732 P.2d 1364, 1370 (1987). Tort liability for breach of the implied covenant of good faith and fair dealing is appropriate where "the party in the superior or ·entrusted position" has engaged in "grievous and perfidious misconduct." *Ponsock*, 732 P.2d at 1371. Awards beyond ordinary contract damages are sanctioned where ordinary contract damages do not adequately compensate, nor make the victim whole. *Martin v. Sears, Roebuck and Co.*, 111 Nev. 923, 899 P.2d 551, 555 (1995). Accordingly, Nevada courts·have denied tort liability in certain disputes arising out of relationships in which agreements have been heavily negotiated and the aggrieved party was a sophisticated businessman. *Great American Ins.*, 934 P.2d at 263; *Aluevich v. Harrah's*, 99 Nev. 215, 660 P.2d 986, 987 (1983).

In the case at bar, the jury's award of damages for tortious breach of an implied covenant of good faith and fair dealing must be set aside and a new trial ordered on that issue because such an award is against the weight of the evidence. Garshman presented no evidence of a special element of reliance or that GE owed Garshman a fiduciary duty. Both parties are experienced commercial entities and there was no evidence of inherently unequal bargaining positions. In fact, Garshman wrote the contract that GE breached. Furthermore, the liquidated damages awarded to Garshman as a result of GE's breach of contract adequately compensates Garshman.

This Court will, therefore, allow GE's motion for a new trial on Garshman's claim for breach of the implied covenant of good faith and fair dealing. Consequently, this Court will also allow GE's motion to stay the judgment pending resolution of that new trial.

---

**1.** On November 18, 1997, this Court entered judgment in favor of GE on Garshman's M.G.L. c. 93A claim.

## B. *Garshman's Motion to Amend or Alter the Judgment*

Garshman seeks to amend the judgment to 1) reflect the fact that the jury found breaches of two contracts, 2) alter the jury's allotment of damages on Garshman's alternative theories for appellate purposes, and 3) reflect the jury's verdict on all of Garshman claims. Garshman contends that, because the jury found that GE breached both the written Auction Agreement and a separate oral agreement between the parties, it is entitled to damages for both breaches, i.e., over $404,000 on the former claim and an additional $372,000 on the latter claim.

An aggrieved party in a breach of contract action is entitled to receive damages which place it in the position in which it would have been had there been no breach. *Hornwood v. Smith's Food King, No. 1*, 107 Nev. 80, 807 P.2d 208, 211 (1991). A plaintiff is not entitled to recover more in the event of a breach of contract than it would have received absent the breach. *Manganaro Bros., Inc. v. Gevyn Constr. Corp.*, 610 F.2d 23, 24 (1st Cir.1979).

Garshman has not claimed that it suffered more than one injury. Merely because Garshman pled alternative theories of recovery and the jury found damages under both theories does not entitle it to recover under more than one theory. A plaintiff cannot recover twice for the same loss, it may recover only the amount of damages it actually suffered. *Bergstrom v. Estate of DeVoe*, 109 Nev. 575, 854 P.2d 860, 862 (1993).

Garshman also seeks to have this Court amend the amount of damages awarded by the jury on Garshman's claims for estoppel and *quantum meruit*. The jury awarded Garshman $10,000 for estoppel damages and $40,000 for *quantum meruit* damages. Garshman contends that the jury erroneously believed that the damages it awarded under those separate counts should be added to, rather than subsumed by, the contract damages, and that had the jury not been under a misconception, it would have awarded Garshman $372,000 under each count.

Garshman offers no substantive argument beyond mere speculation to support its claim about the jury's presumed intentions. Furthermore, a motion to alter or amend judgment "may not be granted where to do so would undermine the jury's fact-finding role and trample on the defendant's seventh amendment right to a jury trial." *Robinson v. Watts Detective Agency*, 685 F.2d 729, 742 (1st cir.1982). Because the damages with respect to estoppel and *quantum meruit* were disputed in this case, increasing the jury's awards on those claims would undermine the jury's fact-finding role and deny to GE a fundamental constitutional right.

Garshman also requests that the judgment be amended to reflect that the jury returned verdicts in its favor on theories of breach of an oral contract, estoppel and *quantum meruit*. Because GE does not object, the judgment will be amended, for purposes of appeal, to reflect the fact that the jury awarded Garshman $372,000 for breach of an oral contract, estoppel damages of $10,000 and *quantum meruit* damages of $40,000. The judgment will, however, preclude Garshman from collecting on any of those claims beyond the amount of damages awarded for breach of the Auction Agreement.

## C. *Garshman's Motion for Costs*

Garshman seeks costs pursuant to Fed. R.Civ.P. 54(d)(1), which provides, "costs ... shall be allowed as of course to the prevailing party unless the court directs otherwise." The United States Supreme Court has held, however, that only those expenses specifically enumerated in 28 U.S.C. § 1920 are recoverable under Rule 54(d)(1) as costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

In its motion, Garshman has requested reimbursement for the following expenses:

| | |
|---|---|
| 1) fee for service of summons and subpoena – | 57.00 |
| 2) printing – | 2,055.45 |
| 3) deposition transcripts – | 2,597.10 |
| 4) travel – | 684.42 |
| 5) telecopier – | 378.00 |
| 6) postage – | 96.84 |
| 7) computer research – | 1,988.65 |
| Total | 7,857.46 |

This Court will address only the requests disputed by GE.

1. *Printing Costs*—Garshman has requested $1,703.70 for in-house copying of 11,358 pages, including copies of stipulated trial exhibits as well as caselaw and statutes provided to opposing counsel and this Court. The trial exhibit booklet consisted of 167 pages and twelve copies were made for a total of 2,004 pages of stipulated trial exhibits. Charges for the remaining 9,354 pages must, necessarily, relate to the photocopying of Nevada caselaw and statutes. This Court did not receive, nor would it have accepted, such a massive volume of Nevada caselaw and statutes for use during the trial. Because the plaintiffs have failed to support its allegation that the photocopying costs for those 9,354 pages were necessary to the case, the request for fees associated with such costs will be denied. This Court will tax the 2,004 pages necessary for the stipulated trial exhibits at $0.15 each.

Garshman has also requested reimbursement for various unspecified trial chalks. No detail has been provided as to the identity or even the number of such chalks. This Court will, consequently, deny Garshman's requests therefor.

2. *Deposition Costs*—Garshman has requested reimbursement for costs related to depositions taken in the course of this lawsuit. Absent special circumstances, only those depositions actually introduced in evidence or used at trial may be taxed as costs. *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir.1985). Because the deposition of Mr. Dight was not used at trial and Garshman has not established any special circumstances, this Court will not tax that cost. Likewise, this Court will not tax the cost of obtaining certain SEC filings not used or introduced at trial.

3. *Travel, Postage and Telecopier Costs*—Garshman next requests compensation for travel, postage and telecopier expenses. There is no provision for the taxation of any of those costs in 28 U .S.C. § 1920, and accordingly, they will not be taxed.

4. *Computer Research Costs*—Garshman seeks to recover almost $2,000 in computer research expenses. Such expenses are not recoverable under 28 U.S.C. § 1920 and are more properly classified as attorneys' fees. Those costs, likewise will not be taxed.

### D. *Garshman's Motion for Attorneys' Fees*

Garshman seeks the award of attorneys' fees pursuant to Fed.R.Civ.P. 54(d)(2). Under the "American Rule" the prevailing litigant is ordinarily not entitled to collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

Garshman alleges it is entitled to an award of attorneys' fees based upon 1) the Auction Agreement and 2) GE's purported bad faith conduct. Under Nevada law, attorneys' fees are not awarded for breach of contract unless the contract specifically provides otherwise. *Rowland v. Lepire*, 99 Nev. 308, 662 P.2d 1332, 1336 (1983). The Auction Agreement contains no provision authorizing an award of attorneys' fees. The liquidated damages clause of that agreement states that, in the event of a breach, GE shall pay Garshman "all advertising and other expenses incurred" plus a 12% commission on the value of the property.

During trial the parties stipulated the value of both the commission and the expenses. Thus, Garshman, by its prior agreement, has recognized that the term "expenses" in the Auction Agreement does not include attorneys' fees. This Court concludes, likewise, that the term "expenses" does not encompass attorneys' fees.

Garshman also claims that an award of attorneys' fees is appropriate because 1) the jury found that GE breached its implied covenant of good faith and fair dealing and 2) this Court has the discretion to impose attorneys' fees against a party that has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska*, 421 U.S. at 258–59. A breach of the implied covenant of good faith and fair dealing is not, however, tantamount to bad faith for purposes of imposing

attorneys' fees. *See Devries v. St. Paul Fire and Marine Ins. Co.*, 716 F.2d 939, 944 (1st Cir.1983). Consistent with this Court findings of fact and conclusions of law with respect to Garshman's Chapter 93A claim, this Court concludes that GE's acts do not justify an award of attorneys' fees.

### ORDER

For the foregoing reasons:

1) GE's motion for a new trial with respect to breach of the implied covenant of good faith and fair dealing (Docket No. 87) is **ALLOWED**;

2) GE's motion to stay the judgment pending the outcome of the new trial (Docket No. 87) is **ALLOWED**;

3) Garshman's motion to amend or alter judgment (Docket No. 86) is **DENIED**;

4) GE shall be taxed costs in the amount of $2,809.05;

5) Garshman's motion for attorneys' fees (Docket No. 89) is **DENIED**; and

6) all pre-trial, dispositive motions shall be filed on or before March 31, 1998, and responded to on or before April 14, 1998.

So ordered.