**Richard G. ROGERS, Plaintiff,**

v.

**TOWN OF NORTHBOROUGH, Kenneth G. Hutchins, Colleen Campbell, Land's Towing and Services, Inc., Joseph Shulman, and David Wilson Defendants.**

**No. CIV.A. 01–40035–NMG.**

United States District Court,
D. Massachusetts.

Jan. 4, 2002.

Richard G. Rogers, Northborough, MA, Pro se.

Kenneth H. Anderson, Finneran, Byrne & Drechsler, Boston, MA, Joseph Shulman, Marlborough, MA, for Defendants.

· **MEMORANDUM AND ORDER**

GORTON, District Judge.

### I. *Background*

This case is the second round of litigation initiated by the plaintiff, Richard Rog-

ers, relating to the seizure of his vehicles by the Internal Revenue Service ("IRS") pursuant to a tax lien. Rogers previously filed suit on the same facts and alleged the same causes of action in 1998. He now substitutes four new defendants and adds one more cause of action.

Both cases arose out of an incident occurring on March 5, 1998. On that day, two IRS agents arrived at Rogers' home to seize two of his vehicles pursuant to a tax levy. Rogers had been involved in a dispute with the IRS which claimed that he owed almost $30,000 in back taxes.

The IRS agents requested that officers from the Northborough Police Department ("NPD") accompany them to Rogers' residence. Defendant Kenneth Hutchins was the NPD Chief of Police at the time. Defendant Officer Colleen Campbell was one of the officers present during the seizure. The IRS agents also engaged the services of Defendant Land's Towing & Services, Inc. ("Land's"). Defendant Joseph Shulman, president and general manager of Land's, was not present at the scene. Land's dispatched Defendant employee David Wilson to the scene of the seizure. Notwithstanding some resistance from Rogers, the agents and police officers towed the two vehicles from Rogers' driveway after removing his personal belongings.

Rogers filed his first lawsuit against the two IRS agents and three police officers in this Court on September 18, 1998 alleging 1) trespass, 2) trespass vi et armis, 3) conversion, 4) intentional infliction of emotional distress, 5) violation of civil rights, 6) conspiracy to violate civil rights, 7) misfeasance, 8) malfeasance, and 9) nonfeasance. Rogers sought $300 million in damages.

This Court allowed the United States' motion to be substituted as the party defendant in lieu of the IRS agents. The Court thereafter dismissed the action as against the United States finding that the state law claims fell under a statute with respect to which the government had not waived its sovereign immunity and that a so-called Bivens remedy pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) was not available on Roger's federal civil rights claims.

This Court also allowed a motion of the remaining defendants for summary judgment on July 21, 2000. With respect to Rogers' federal civil rights claims, the Court found that there was no violation of his constitutional rights because 1) he had no expectation of privacy in his driveway and 2) the First Circuit Court of Appeals has established that IRS agents do not need a warrant to seize a vehicle from an unobstructed driveway. The police officers did not therefore violate his constitutional rights by assisting the IRS agents.

With respect to Rogers' state law claims, this Court found that none of the defendants acted unlawfully because they had authority to seize his vehicles and had complied with the prerequisites of 26 U.S.C. § 6212 et seq. before obtaining a lien on Roger's property.

Having failed in his first suit (but during the pendency of his appeal from this Court's judgment thereon), Rogers filed the instant action on February 27, 2001 alleging the same causes of action with one additional claim for breach of trust. This time he seeks $1 million in damages from another police officer, the Chief of Police, the Town, the towing company, its President and one of its employees.

Pending before this Court are 1) the motion of the defendants, Officer Campbell, Chief Hutchins and the Town of Northborough ("the Northborough defendants") to dismiss and for fees and costs

(Docket No. 2), 2) their supplemental motion to dismiss (Docket No. 9) and 3) the defendant Joseph Shulman's answer (Docket No. 8) seeking dismissal and attorney's fees and costs. Defendant David Wilson has not replied to the plaintiff's complaint. The Northborough defendants filed the supplemental motion to dismiss in order to address the decision of the First Circuit Court of Appeals which affirmed this Court's allowance of summary judgment in the previous action.

## II. *Analysis*

### A. **Standard for Motions to Dismiss**

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiffs can prove no facts in support of their claim that entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.,* 958 F.2d 15, 17 (1st Cir.1992). The Court is required to look only to the allegations of the complaint and if under any theory they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987).

### B. **Res Judicata and Collateral Estoppel**

The defendants argue that Rogers' complaint is barred by res judicata due to this Court's prior entry of judgment in favor of other defendants on the same claims and the First Circuit's affirmance of that judgment.

■ The principle of res judicata is frequently used to refer to either claim preclusion or issue preclusion. *Monarch Life Insurance Co., et al. v. Ropes & Gray,* 65 F.3d 973, 978 n. 8 (1st Cir.1995). Under claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Semtek International, Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 121 S.Ct. 1021, 1025, 149 L.Ed.2d 32 (2001)(quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Claim preclusion, does not, however, apply to this case because the plaintiff has asserted claims against defendants who were not parties to the previous action. *Bergeron v. Loeb,* 777 F.2d 792, 797 (1st Cir. 1985).

■ On the other hand, issue preclusion (or collateral estoppel) does apply to our case. The doctrine of collateral estoppel provides that:

when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claims.

*Minnesota Mining and Manufacturing Co., Inc. v. Beautone Specialties Co. Ltd.,* 117 F.Supp.2d 72, 81 (D.Mass.1999)(quoting *Texas Instruments, Inc. v. Cypress Semiconductor Corp.,* 90 F.3d 1558, 1568 (Fed.Cir.1996). A party invoking issue preclusion need not show that it was privy to the first proceeding. *Parklane,* 439 U.S. at 328–29, 99 S.Ct. 645; *Monarch,* 65 F.3d at 978 n. 8.

In abandoning the privity or mutuality requirement, the Supreme Court recognized the significant criticism of that requirement:

In any lawsuit where a defendant, because of the mutuality principle, is forced to present a complete defense on the merits to a claim which the plaintiff

has fully litigated and lost in a prior action, there is an arguable misallocation of resources... Permitting repeated litigation of the same issue as long as the supply of unrelated defendants holds out reflects either the aura of a gaming table or a lack of discipline and of disinterestedness on the part of the lower courts.

*Parklane,* 439 U.S at 328, 99 S.Ct. 645, quoting *Kerotest Mfg. Co. v. C–O–Two Co.,* 342 U.S. 180, 185, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

 In order to invoke issue preclusion, the Northborough defendants must show that 1) this action and the prior action involve the same issues of law or fact, 2) the parties actually litigated the issues in the prior action, 3) the Court actually resolved the issues in the prior action in a final and binding judgment, and 4) its resolution of the issues was essential to its judgment. *Monarch,* 65 F.3d at 978.

### 1. Same Issues of Law or Fact

Rogers asserts the same claims in this action as he did in the prior action. He alleges no new facts or evidence. Therefore, this action involves identical issues of law and fact.

He asserts one additional claim for "breach of trust" alleging that the defendants Town and Chief of Police engaged in conduct that was arbitrary, capricious, unreasonable and unlawful thereby breaching the public trust. Because the disposition of this new claim depends on the issue of whether the defendants' actions were arbitrary, capricious, unreasonable and unlawful, this issue was decided in the prior action. This Court found that because the IRS agents acted lawfully, the NPD police officers present at the scene acted reasonably and lawfully by extension.

### 2. Actual Litigation

 Even though the prior action was decided on a motion for summary judgment, the issues in the case were actually litigated. The actual litigation requirement ensures that the party against whom preclusion is sought had a full and fair opportunity to litigate the issue. *Parklane,* 439 U.S. at 328, 99 S.Ct. 645. A granting of summary judgment operates to bar the cause of action for purposes of issue preclusion. 18 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2712 (3d ed.); *Wilson v. Retail Credit Co.,* 474 F.2d 1260 (5th Cir.1973).

In the prior case, this Court had before it the parties' summary judgment briefs and affidavits and conducted an adversarial hearing on the motion for summary judgment. The Court read and heard the parties' opposing arguments and concluded that the case could be decided on summary judgment. The issues in the case were, therefore, actually litigated for preclusion purposes because they were subject to an adversary proceeding and consequent judgment that was not a product of the parties' consent. *Keystone Shipping Co. v. New England Power Co.,* 109 F.3d 46, 52 (1st Cir.1997).

### 3. Final and Binding Judgment

 The third element of issue preclusion requires that the issues sought to be precluded must have been determined by a valid and binding final judgment. *Keystone,* 109 F.3d at 52. The plaintiff's previous lawsuit was decided on a motion for summary judgment. A granted motion for summary judgment constitutes a decision on the merits that is binding and operates to merge the cause of action for purposes of preclusion. Charles Alan Wright, et al., *Federal Practice & Procedure* § 2712 (3d ed.). There is no question that the summary judgment was valid. Moreover, this

Court's entry of summary judgment was affirmed by the First Circuit. *See Rogers v. Vicuna, et al.,* 264 F.3d 1 (1st Cir.2001). The prior disposition of this case therefore satisfies the third element of issue preclusion.

### 4. Resolution of Issues Essential to Judgment

The fourth and final element of issue preclusion requires that the determination of the issues was essential to the judgment. In the previous lawsuit, the issue underlying Rogers' constitutional claims was whether he had a reasonable expectation of privacy in his driveway, and the issue underlying his state law claims was whether the police officers and federal agents were on his property and seized his vehicles illegally. This Court's prior judgment depended on the resolution of those two issues and the First Circuit Court of Appeals affirmed that judgment after re-examining those issues.

The resolution of the prior case, therefore, satisfies the elements of issue preclusion and precludes the present action. The plaintiff here is merely attempting to revive his claims by switching adversaries.

■ Although the defendant, David Wilson, has not filed a motion to dismiss, this Court may dismiss an action *sua sponte* and without notice where claims are frivolous or where their defects cannot be cured by amendment. *Clorox Company v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 30 (1st Cir.2000). This Court concludes that such dismissal is appropriate here because the defects of plaintiff's claims cannot be cured by amendment.

### C. Costs and Fees

The defendants ask the Court to impose costs and attorney's fees on the plaintiff for the expenses incurred in the preparation of the motion to dismiss pursuant to Fed.R.Civ.P. 54(d). They argue that the plaintiff's complaint is frivolous and designed merely to harass the defendants.

■ Under Fed.R.Civ.P. 54(d), "costs shall be allowed as of course to the prevailing party unless the court directs otherwise." The district court's discretion to tax costs should be used sparingly with respect to expenses not expressly allowed by 28 U.S.C. § 1920. *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 248 (1st Cir. 1985).

Pursuant to 28 U.S.C. § 1920, the following six items may be taxed: 1) fees of the clerk and marshal, 2) fees of the court reporter for the stenographic transcript, 3) fees and disbursements for printing and witnesses, 4) fees for exemplification and copies of papers necessarily obtained for use in the court, 5) docket fees and 6) compensation of court-appointed experts, compensation of interpreters and salaries, fees, expenses and costs of special interpretation services.

The defendants seek compensation for the expenses incurred in preparation of the motion to dismiss. They do not, however, identify their costs or state an amount to be imposed. This Court cannot and will not therefore impose costs on the plaintiff until when and if the defendants enumerate specific, recoverable costs incurred in this matter. *See Garshman Company, Ltd. v. General Electric Co., Inc.,* 993 F.Supp. 25, 29 (D.Mass.1998).

■ Unlike costs, attorney's fees are not traditionally imposed on a non-prevailing party. The district court has the discretion to impose attorney's fees as a sanction where the record supports a finding of bad faith. *Havinga, et al. v. Crowley Towing & Transportation Co.,* 24 F.3d 1480, 1490 (1st Cir.1994). The defendants provide no support for their assertion that

Rogers filed the complaint for the purpose of harassment. Although Rogers' claim is entirely without merit and marginally frivolous, there is insufficient evidence to support a finding that he acted in bad faith.

■ Rogers should, however, be advised that Federal Rule of Civil Procedure 11 subjects all litigants, including pro se litigants, to the requirement that their pleadings be "well-grounded in fact, warranted by existing law [and] not interposed for any improper purpose." *Gallipeau v. Berard, et al.,* 971 F.2d 744, 1992 U.S.App. LEXIS 5600, *8 n. 3 (1st Cir.1992). Failure to comply with that Rule may result in sanctions being imposed by the court. *Id.* This Court will impose attorney's fees and/or sanctions if the plaintiff again files suit in this Court based upon the same facts.

## ORDER

For the reasons set forth in the memorandum above:

1) the motion of defendants, Town of Northborough, Kenneth G. Hutchins and Colleen Campbell, to dismiss (Docket Nos. 2 and 9) is ALLOWED;

2) the motion of defendants, Joseph Shulman and Land's Towing and Service, Inc., to dismiss (Docket No. 8) is ALLOWED;

3) the claims against defendant David Wilson are DISMISSED *sua sponte;*

4) the defendants' requests for attorney's fees (Docket Nos. 2 and 8) are DENIED; and

5) the defendants' motions to impose costs on the plaintiff (Docket Nos. 2 and 8) are DENIED without prejudice to being renewed within fourteen (14) days of the date of this order if the defendants file with any such renewed motion an itemized list of any

recoverable costs incurred in this case.

So ordered.