**MONTREAUX JOINT VENTURE;**
Toiyabe Investment Company,
Inc., Plaintiffs—Appellees,

v.

**SIERRA PINES RESORTS, INC.;** Pitts
Co. Profit Sharing Plan; Thomas R.
Pitts, Defendants—Appellants.

Montreaux Joint Venture; Toiyabe
Investment Company, Inc.,
Plaintiffs—Appellants,

v.

Sierra Pines Resorts, Inc.; Pitts Co.
Profit Sharing Plan; Thomas R.
Pitts, Defendants—Appellees.

Nos. 03–16311, 03–16779.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided March 10, 2005.

Rew R. Goodenow, Esq., Marshall Hill
Cassas & De Lipkau, Michael A.T. Pagni,
Esq., Pat Lundvall, Esq., McDonald Cara-
no Wilson, LLP, Reno, NV, for Plaintiffs–
Appellees.

Kent R. Robison, Robison, Belaustegui,
Sharp & Low, David R. Hoy, Bible, Hoy &
Trachok, Reno, NV, for Defendants–Ap-
pellants.

Before: THOMAS, PAEZ, Circuit
Judges, and BURNS,* District Judge.

* The Honorable Larry A. Burns, United States
District Judge for the District of Southern

California, sitting by designation.

## MEMORANDUM **

Sierra Pines Resort, Thomas Pitts, and the Pitts & Co. Profit Sharing Plan ("Sierra Pines") appeal the district court's order compelling compliance with a Settlement Agreement. We have jurisdiction,[1] and we affirm.

This is a procedurally complex case arising out of a number of disputes over partnership interests in the Montreux golf course and residential development in Reno, Nevada. After extensive litigation and negotiation, the numerous litigants, including the parties to this case, entered into a global settlement agreement. The relevant terms of the settlement agreement are undisputed. Sierra Pines agreed to assume liability for, and to indemnify and hold Montreux harmless from, any claims asserted to property at Montreux. Included within the indemnification were claims asserted against Montreux by or on behalf of Victor Knutzen. Because Sierra Pines refused to defend or indemnify Montreux for the claims, Montreux filed a motion for summary enforcement of the agreement. Sierra Pines asserted, prior to the execution of the agreement, that Montreux intentionally had orally misrepresented that Knutzen's claims "had been taken care of." The district court, which had intimate knowledge of the agreement, found Sierra Pines' claims "disingenuous at best" in light of the specific indemnification language reciting the claims at issue, the integration clause, Sierra Pines' two year delay in asserting fraud claims, and the fact that the Knutzen lawsuits had been filed prior to the execution of the

settlement agreement and were well known to all parties at the time. No evidence was tendered by Sierra Pines in support of its position. Thus, the district court granted the motion for summary enforcement of the settlement agreement.

We review the district court's enforcement of the settlement agreement under a deferential abuse of discretion standard. *Callie v. Near,* 829 F.2d 888, 890 (9th Cir.1987). We find no abuse of discretion in the district court's order.

■■■ As a general matter, principles of state law govern the interpretation and enforcement of settlement agreements. *Jeff D v. Andrus,* 899 F.2d 753, 759 (9th Cir.1989). The remedy sought by Sierra Pines, partial contract rescission, is not recognized under Nevada law. *Bergstrom v. Estate of DeVoe,* 109 Nev. 575, 854 P.2d 860, 861 (1997) ("[T]here can be no partial rescission; a contract is either valid or void *in toto.*"). Sierra Pines seeks to prevent enforcement of the agreement on the basis of tort theories, such as fraudulent inducement and misrepresentation. Although these theories may provide a remedy in the form of monetary damages, *see, e.g., Epperson v. Roloff,* 102 Nev. 206, 719 P.2d 799, 802 (1986), Nevada law does not support Sierra Pines' contention that the existence of a potential tort damage remedy provides a defense to enforcement of a settlement agreement.

Given all of the factors cited by the district court, the absence of evidence tendered by Sierra Pines, and the inapplicability of Sierra Pines' legal theory to the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Montreux asserts that we lack jurisdiction because Sierra Pines' appeal was not timely filed. However, the appeal was filed within thirty days after the order determining attorney's fees. *United States v. RG & B Contractors, Inc.,* 21 F.3d 952, 955 n. 2 (9th Cir.1994) ("[W]here attorney's fees are part of the merits of a claim (e.g., where the damages sought include attorney's fees from a prior litigation), a judgment does not become final until those fees have been quantified.").

specific motion at hand, the district court did not abuse its discretion in summarily enforcing the agreement. *See City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim Ltd.)*, 22 F.3d 954, 957–59 (9th Cir.1994).

Nor did the district court abuse its discretion in declining to hold an evidentiary hearing given the undisputed document and the nature of the misrepresentation claims. *Id.* at 958.

■ Sierra Pines also alleges that the district court erred by refusing to grant its various motions for reconsideration. Because there was no "newly discovered evidence" or change to the controlling law, and because the district court did not commit clear error in its initial order, the district court did not abuse its discretion by denying the motion for reconsideration. *Sch. Dist. No. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

Finally, we have reviewed the district court's award of attorney's fees, which was challenged on cross-appeal by Montreux, and find no abuse of discretion. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir.2004).

AFFIRMED.