# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RICHARD DOMBROSKI, AN INDIVIDUAL, <br> Appellant, <br> vs. <br> NV ENERGY, INC., A NEVADA CORPORATION, <br> Respondent. | No. 67405 <br><br> **FILED** <br><br> MAR 1 8 2016 <br><br> TRACIE K. LINDEMAN <br> CLERK OF SUPREME COURT <br> BY S. Young <br> DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a declaratory relief action for failure to state a claim. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant Richard Dombroski sued his former employer, respondent NV Energy, Inc., claiming that the severance agreement he signed was unconscionable. Appellant's amended complaint primarily alleged that the agreement unfairly deprived him of rights under various anti-discrimination laws, and he sought damages and rescission through claims for declaratory relief, rescission, and breach of the covenant of good faith and fair dealing. Respondent filed a motion to dismiss under NRCP 12(b)(5), which the district court granted, and appellant appealed. Having reviewed the parties' briefs and the appendix, we conclude that the district court did not err in deciding that appellant failed to state a claim for relief and dismissing the action. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (explaining that this court reviews de novo an order dismissing an action under NRCP 12(b)(5), looking at the complaint to determine whether the plaintiff has alleged facts that, if true, would entitle him to relief).

16-08637

With respect to his first cause of action, appellant lacks standing to pursue declaratory relief, as he has not alleged a live controversy in which he claims a valid legal interest. *See Knittle v. Progressive Cas. Ins. Co.*, 112 Nev. 8, 10, 908 P.2d 724, 725 (1996) (noting that declaratory relief is available only when, among other things, there exists a justiciable controversy and the party seeking relief has a legally protectable interest in that controversy); *Jones v. Sears Roebuck & Co.*, 301 Fed. App'x 276, 282 (4th Cir. 2008) (recognizing that no controversy exists in which to declare a contract provision unconscionable when the other party to the contract has not taken any legal action or threatened any future action against the plaintiff that would implicate the provision, and the plaintiff has not alleged an underlying dispute that could progress to that point). Neither appellant's complaint nor his appellate briefs indicate that he sought to assert discrimination claims against respondent and was prevented from doing so, or that he intends to assert such claims and will be prevented from doing so, by the allegedly unconscionable provisions. And as the district court pointed out, citing 42 U.S.C. § 2000e-5(e)(1) and NRS 233.160(1)(b), it appears that any such claims expired long ago, which appellant does not dispute. Therefore, appellant failed to state a valid claim for declaratory relief.

For similar reasons, the district court properly dismissed appellant's second cause of action, for rescission based on unconscionability. Appellant has not alleged that respondent has sought to enforce the severance agreement against his interests, and "'[u]nconscionability' is generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief." *Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1141 (D. Haw. 2011) (citing *Gaitan v.*

*Mortg. Elec. Registration Sys.*, No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *13 (C.D. Cal., Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own.") and *Carey v. Lincoln Loan Co.*, 125 P.3d 814, 829 (Or. Ct. App. 2005) ("[U]nconscionability is not a basis for a separate claim for relief.")). Likewise, rescission is a remedy in contract, not a cause of action. *Phillips v. Bank of Am.*, No. CIV. 10-00551, 2011 WL 240813, at *9 (D. Haw., Jan. 21, 2011) (citing *Bischoff v. Cook*, 185 P.3d 902, 911 (Haw. Ct. App. 2008)); *see Bergstrom v. Estate of DeVoe*, 109 Nev. 575, 577, 854 P.2d 860, 861 (1993) ("Rescission is an equitable remedy which totally abrogates a contract and which seeks to place the parties in the position they occupied prior to executing the contract.") Accordingly, appellant failed to state a claim for rescission based on unconscionability.

Finally, appellant's third claim asserts that the severance agreement contains unconscionable and/or illegal terms and, thus, defendant breached the implied covenant of good faith and fair dealing. While unclear whether appellant is asserting this claim in contract or in tort, he fails to explain how respondent performed in a manner unfaithful to the contract's purpose such that the implied covenant was breached. *See Perry v. Jordan*, 111 Nev. 943, 948, 900 P.2d 335, 338 (1995) (noting that a claim for breach of the implied covenant of good faith and fair dealing exists when the defendant breached his contractual duty by performing in a manner unfaithful to the purpose of the contract, thereby denying the plaintiff's justified expectations); *see also Contreras v. Master Fin., Inc.*, No. 3:10-CV-0477-LRH-VPC, 2011 WL 32513, at *3 (D. Nev., Jan. 4, 2011) (citing *Indep. Order of Foresters v. Donald, Lufkin &*

*Jenrette, Inc.*, 157 F.3d 933, 941 (2d Cir. 1998) ("[A]n implied covenant relates only to the performance under an extant contract, and not to any pre-contract conduct.")). As a result, appellant failed to state a claim for breach of the implied covenant of good faith and fair dealing.

Because the district court properly dismissed appellant's action for failure to state a viable claim, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:     Hon. Jerry A. Wiese, District Judge
        Lansford W. Levitt, Settlement Judge
        Kirk T. Kennedy
        Littler Mendelson/Las Vegas
        Karyn M. Taylor
        Eighth District Court Clerk