MISTY MANAGEMENT CORPORATION AND TRI-AVIATION CORPORATION; AND THE STATE OF NEVADA UPON THE RELATION OF MISTY MANAGEMENT CORPORATION AND TRI-AVIATION CORPORATION, PETITIONERS, v. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ORMSBY, HONORABLE RICHARD L. WATERS, JR., THE JUDGE THEREOF, AND THOMAS DANIEL WYATT, RESPONDENTS.

No. 5282

May 29, 1967                               428 P.2d 196

*E. M. Gunderson,* of Las Vegas, and *Ball, Hunt, Hart and Brown* and *George E. McGill,* of Long Beach, California, for Petitioners.

*Martillaro and Bucchianeri* and *Daniel R. Walsh,* of Carson City, for Respondents.

## OPINION ON PETITION FOR REHEARING

By the Court, THOMPSON, C. J.:

By petition for rehearing, Wyatt re-asserts the contention that his constitutional right to a jury trial was violated when the court set aside the jury verdict and entered judgment n.o.v. We rejected that contention. See, Misty Management v. District Court, 83 Nev. 180, 426 P.2d 728 (1967). We again reject it for the reasons initially expressed, but wish to add a further comment on the point.

The action commenced by Wyatt against Misty Management was primarily an equitable proceeding—a suit to cancel a deed for fraud. Consequently, Wyatt could not demand a jury trial as a matter of right. A jury was allowed, and its verdict was merely advisory to the court. Musgrave v. Casey, 68 Nev. 471, 235 P.2d 729 (1951); Johnston v. DeLay, 63 Nev. 1, 158 P.2d 547 (1945).

Rehearing denied.

ZENOFF, J., concurs.

COLLINS, J., dissenting:

Respondents in their petition for rehearing urge several grounds: (a) the court has overlooked, misapplied, or failed to consider a statute, decision, or principle directly controlling; (b) the court has overlooked or misconceived some material facts; (c) the court has overlooked or misconceived a material question in the case; (d) there is serious doubt as to the validity, correctness, or adequacy of precedent relied upon and the case itself is of great precedent potential or of grave public concern.

The opinion in petition for rehearing in the Nevada case of Gershenhorn v. Stutz, 72 Nev. 312, 306 P.2d 121 (1956), quotes with approval from Rehearing in American Appellate Courts, 44 Cal.L.Rev. 627, at page 658, as follows, " 'It [petition for rehearing] should be brief and it should not be argumentative; it should point to the conflict created [by] or the "controlling" matter overlooked in the original decision. It should not be expected to also serve the role of persuading the court how the conflict or error should be resolved. That is the object of resubmission. The object of the petition is only to show that the petitioner is entitled to a rehearing, not that he is entitled to a different decision on the merits.' " The four grounds for rehearing are suggested in the article quoted as typical. A fifth ground is suggested in the article at page 640 as, "The standard, perhaps more precisely called ideal, which appears almost everywhere is that rehearing will be granted to avoid doing substantial injustice." This ground is also relied upon by respondents. Thus, in a hard case such as this, and where rehearing is sought and opposed with great earnestness, we should carefully consider the reasons for and against the proposition.

In my opinion the principal ground upon which we should grant rehearing in this case is what I fear to be a misapplication of a decision relied upon by the court. The court in its decision says at page 3 (Advance Opinion No. 5282, filed April 17, 1967), "The notion that a favorable ruling upon a Rule 50(b) motion for judgment n.o.v. somehow violates the constitutional guaranty of a jury trial has been rejected by the United States Supreme Court. Neely v. Eby Construction Co., 386 U.S. 317 (1967); see also, Montgomery Ward & Co. v. Duncan, 311 U.S. 243 (1940). Further discussion on this point is not warranted." The *Neely* case was to some extent analyzed in my dissenting opinion, but it deserves more careful analysis than given it either by the majority of the court or me, if it is to control the decision in this case.

In *Neely,* supra, at page 1, Mr. Justice White said:

"Petitioner brought this diversity action in the United States District Court for the District of Colorado alleging that respondent's negligent construction, maintenance, and supervision of a scaffold platform used in the construction of a missile silo near Elizabeth, Colorado, had proximately caused her father's fatal plunge from the platform during the course of his employment as Night Silo Captain for Sverdrup & Parcel, an engineering firm engaged in the construction of a missile launcher system in the silo. At the close of the petitioner's evidence and again at the close of all the evidence, respondent

moved for a directed verdict. The trial judge denied both motions and submitted the case to a jury, which returned a verdict for petitioner for $25,000.

"Respondent then moved for judgment notwithstanding the jury's verdict or, in the alternative, for a new trial, in accordance with Rule 50(b), Federal Rules of Civil Procedure. The trial court denied the motions and entered judgment for petitioner on the jury's verdict. Respondent appealed, claiming that its motion for judgment n.o.v. should have been granted. Petitioner, as appellee, urged only that the jury's verdict should be upheld.

"The Court of Appeals held that the evidence at trial was insufficient to establish either negligence by respondent or proximate cause and reversed the judgment of the District Court 'with instructions to dismiss the action.' Without filing a petition for rehearing in the Court of Appeals, petitioner then sought a writ of certiorari, presenting the question whether the Court of Appeals could, consistent with the 1963 amendments to Rule 50 of the Federal Rules and with the Seventh Amendment's guarantee of a right to jury trial, direct the trial court to dismiss the action." The question presented by the case as stated by him on page 4 is, "The question here is whether the Court of Appeals, after reversing the denial of a defendant's Rule 50(b) motion for judgment notwithstanding the verdict, may itself order dismissal or direct entry of judgment for defendant." He then added, "As far as the Seventh Amendment's right to jury trial is concerned, there is no greater restriction on the province of the jury when an appellate court enters judgment n.o.v. than when a trial court does; consequently, there is no constitutional bar to an appellate court granting judgment n.o.v. See Baltimore & Carolina Lines, Inc. v. Redman, supra. Likewise, the statutory grant of appellate jurisdiction to the courts of appeals is certainly broad enough to include the power to direct entry of judgment n.o.v. on appeal."

The *Neely* case decides a different issue than is involved here. Nor do I have any particular quarrel with the holding, but it is, in my opinion, misapplied as authority in this case.

Mr. Justice Black in his dissenting opinion in *Neely* succinctly points up the issue with which we are concerned, when he said, "Petitioner and respondent, both in their briefs on the merits and in their oral argument, have vigorously and extensively addressed themselves to the question of whether the lower court was correct in holding that petitioner's evidence of negligence and proximate cause was insufficient to go to the

jury. The Court, however, conveniently avoids facing this issue —which if resolved in petitioner's favor, would completely dispose of this case—by a footnote statement that this issue was not presented in the petition for certiorari nor encompassed by our order granting certiorari." Further, he says in a footnote, "Certainly, if there were sufficient evidence to go to the jury, then Rule 38(a) and the Seventh Amendment preclude the Court of Appeals from directing a dismissal of petitioner's case after she had obtained a jury verdict."

The exact same issue is involved here. The trial judge was precluded by NRCP 38(a)[1] and the Nevada Constitution, Art. 1, Sec. 3,[2] from granting a judgment n.o.v. where Wyatt obtained a jury verdict on disputed evidence. A judgment n.o.v. can be constitutionally granted only where, as a matter of law, reasonable men could not draw different inferences from the facts. It must be a one-way verdict. Any different rule gives Nevada trial judges power to deny absolutely the right of a trial by jury in any civil case.

The majority holds that litigation must come to an end and that the cause was res judicata when Wyatt's appeal was dismissed. I agree with that rule, except when its effectiveness is accomplished at the expense of a constitutional right to trial by jury.

The rule relating to judgments n.o.v. is the same as that relating to directed verdicts. In Bliss v. DePrang, 81 Nev. 599, 602, 407 P.2d 726 (1965), this court said,

"In brief, where there is testimony that is conflicting on material issues, the court should not direct a verdict. Even where the trial court would feel obliged to set aside a verdict as against the weight of the evidence, it is powerless to direct a verdict if there is substantial evidence for the party against whom the motion is made. A directed verdict is proper only in those instances where the evidence is so overwhelming for one party that any other verdict would be contrary to the law. Greene v. Werven, 275 F.2d 134 (8th Cir. 1960)." And where the defect is jurisdictional it can be collaterally attacked. Vasquez v. Vasquez, 240 P.2d 319 (Cal. 1952), where it is said, "A wrong decision made within the limits of the court's power is error correctable on appeal or other direct review, but a decision which oversteps the jurisdiction and power of

---

[1]"(a) Right Preserved. The right of trial by jury as declared by the Constitution of the State or as given by a statute of the State shall be preserved to the parties inviolate."

[2]"The right of trial by Jury shall be secured to all and remain inviolate forever; * * *."

the court is void and may be set aside *directly* or *collaterally.*" (Emphasis supplied. Citations omitted.)

A further ground for rehearing suggested by respondents is lack of jurisdiction of the trial judge pursuant to District Court Rule 26[3] as construed in State v. Blackwell, 65 Nev. 405, 198 P.2d 280 (1948). Petitioners oppose this ground and urge the trial judge had jurisdiction under Rules 3 and 4[4] of the amendment to special rules of the First Judicial District Court and the Circuit Court Judges Act, NRS 3.040.[5] We should resolve these conflicting rules and statutes which directly involve the jurisdiction of trial judges in Nevada.

In petitioners' reply brief to petition for rehearing it is suggested for the first time in this litigation that the action was primarily an equitable proceeding. Thus, they argue, Wyatt could not demand a jury trial as a matter of right. If so, is not

---

[3]"1. Except as otherwise provided in subsection 2 of this rule, when any district judge shall have entered upon the trial or hearing of any cause, proceeding or motion, or made any ruling, order or decision therein, no other judge shall do any act or thing in or about such cause, proceeding or motion, unless upon the written request of the judge who shall have first entered upon the trial or hearing of such cause, proceeding or motion.

"2. The judges in any judicial district having more than one judge shall adopt such rules as they deem necessary to provide for the division and disposal of the business of their judicial district."

[4]"Rule 3. Assignment of case.

"A. No case shall be assigned to a department upon filing.

"B. All civil and criminal actions, except as hereafter provided, shall be assigned to a department for all further action therein when set for trial or pretrial, or when any contested matter has been heard therein. Probate and guardianship matters, unless summary administration be ordered, shall remain in the department in which first heard.

"C. Reassignment will not be made unless upon good cause and order signed by both judges, or upon disqualification, or as otherwise provided by Rule or law."

"Rule 4. Motions and orders.

"A. Ex-parte orders, uncontested motions and orders thereon, or other matters prior to departmental assignment, may be dealt with by either judge."

[5]"1. The district judges provided for in NRS 3.010 shall also serve as ex officio circuit judges, and in that capacity shall perform such judicial duties as may be designated by the chief justice of the supreme court as hereinafter provided.

"2. The chief justice of the supreme court shall seek to expedite judicial business and to equalize the work of the district judges, and shall provide for the assignment of any district judge to another district court to assist a court or judge whose calendar is congested, to act for a district judge who is disqualified or unable to act, or to sit and hold court where a vacancy in the office of district judge has occurred."

the court's opinion relying on the *Neely* case, supra, mere dictum? I do not feel we should allow an entirely new theory to be injected into this case at this stage of the proceedings.

Respondents' petition for rehearing sets forth additional contentions, which if true, sanction a fundamentally unjust result in this case. These contentions are:

(a) Based upon affirmance of the sale of Carson Hot Springs by Wyatt to Misty Management as final by the decision of this court, Robert Wagner, real estate broker, has made demand upon Wyatt for payment of $18,750 real estate commission.

(b) Misty Management has filed with the United States District Court in Las Vegas, a proceeding for reorganization of a corporation under Chapter X of the Federal Bankruptcy Act, wherein it alleges itself unable to pay its debts as they mature. Among its assets it lists the Carson Hot Springs property with aggregate fair value of the real property and improvements of $815,000. Among its liabilities it lists two unsecured promissory notes owed to Dr. Wyatt in the principal amounts of $90,000 and $275,000, and representing the unpaid purchase price of the Carson Hot Springs. Misty Management alleges equitable title in itself, but also states the property to have been conveyed to Tri-Aviation Corporation without consideration on August 6, 1966.

Where one of the grounds on a petition for rehearing is substantial injustice, Rehearing in American Appellate Courts, supra, describes such a proceeding when grounded on substantial injustice, "As a procedural device * * * it permits an element of accommodation in an otherwise rigid system; and in relieving rigidity it is 'a safety valve on a safety valve.' " In the traditional sense, this court is concerned principally with the "rule of law." But we are also a court of justice, and we should not hesitate, when justice requires it, to prevent an injustice.

I would grant the rehearing.