OPINION
 

 Per Curiam:
 

 The issue before this court is the authority of the district court to award attorney fees and costs, after the appeal from the final judgment in the action was dismissed by this court. We conclude that the district court had no such authority in this case.
 

 In a contract dispute between Datecs Corporation (“Datecs”) and Board of Gallery of History, Inc. (“Gallery”), the district court found in favor of Datecs and awarded it a judgment in the amount of $31,872.84 plus $5,000.00 in attorney fees and $1,365.70 in costs. The district court awarded the attorney fees pursuant to NRS 18.010(2)(b) and costs pursuant to NRS 18.020(3).
 

 After making several unsuccessful post-trial motions, Gallery appealed the judgment and the district court’s denial of its post-
 
 *288
 
 trial motions. This court affirmed the district court’s judgment, including the award of attorney fees and costs. This court also concluded that Gallery’s conduct on appeal did not merit imposition of sanctions and expressly rejected Datecs’s request for attorney fees pursuant to NRAP 38(b).
 

 After the dismissal of Gallery’s appeal, Datecs moved the district court for supplemental attorney fees and costs incurred “in enforcing and protecting the Judgment from the Post-Trial Motions and Defendant’s Appeal.” The district court found that Gallery’s post-trial motions and the appeal were actions undertaken “without reasonable ground or to harass” and awarded Datecs an additional $7,500.00 in attorney fees pursuant to NRS 18.010(2)(b) and $697.53 in costs pursuant to NRAP 39(a). Gallery appeals from the district court’s order.
 

 DISCUSSION
 

 Gallery contends that the district court lacked authority to award the additional attorney fees and costs. We agree.
 

 Attorney fees are not recoverable absent a statute, rule, or contractual provision to the contrary.
 
 See
 
 Rowland v. Lepire, 99 Nev. 308, 315, 662 P.2d 1332, 1336 (1983). There is no provision in the statutes authorizing the district court to award attorney fees incurred on appeal. NRAP 38(b) authorizes only this court to make such an award if it determines that the appeals process has been misused.
 
 [1]
 

 Furthermore, this court’s order dismissing the original appeal specifically held that Gallery’s conduct on appeal did not merit sanctions.
 
 [2]
 
 This is the law of the case and the district court was without authority to make a contrary finding.
 

 
 *289
 
 In general, “where an appellate court deciding an appeal states a principal [sic] or rule of law, necessary to the decision, the principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress both in the lower court and upon subsequent appeal.” LoBue v. State ex rel. Dep’t Hwys., 92 Nev. 529, 532, 554 P.2d 258, 260 (1976).
 

 The district court also awarded Datecs attorney fees for defending Gallery’s post-trial motions, purportedly pursuant to NRS 18.010(2)(b). However, the district court was not authorized to award attorney fees for defending the post-trial motions after the dismissal of the appeal in this case.
 

 Datecs’s opposition to Gallery’s post-trial motions in district court had included a countermotion for “all attorneys fees and costs incurred in opposing these Motions,” citing no authority, other than suggesting that an NRCP Rule 11 sanction might be appropriate. Although the district court did not expressly deny Datecs’s countermotion at the time it decided Gallery’s motions, it made no findings which would justify an award of attorney fees and costs. The absence of a ruling awarding the requested expenses constitutes a denial of the claim.
 
 See, e.g.,
 
 McClure v. Moore, 565 So. 2d 8, 11 (Ala. 1990) (failure to rule on request for expenses constitutes a denial of that claim).
 

 On appeal, this court reviewed and affirmed the district court’s order. In so doing, this court also affirmed the district court’s decision not to award Datecs attorney fees or costs incurred in opposing the post-trial motions in district court. Thus, the issue of whether Datecs could recover attorney fees and costs relating to the post-trial motions was finally adjudged by this court and became the law of the case. Although there is no time limit specified in NRS 18.010 for applications for fees, litigants do not have the option of relitigating the issue after it has already been determined.
 

 Accordingly, the district court’s post-appeal order awarding attorney fees and costs incurred by Datecs in prosecuting the appeal and in opposing Gallery’s post-trial motions was in excess of its jurisdiction; the district court’s order is reversed.
 

 [1]
 

 NRAP 38(b) provides:
 

 In any civil matter, when an appeal has frivolously been taken or been processed in a frivolous manner; when circumstances indicate that an appeal has been taken or processed solely for purposes of delay, when an appeal has been occasioned through respondent’s imposition on the court below; or whenever the appellate processes of this court have otherwise been misused, this court may, on its own motion, require the offending party to pay, as costs on appeal, such attorney fees as it deems appropriate to discourage like conduct in the future.
 

 [2]
 

 The apparent inconsistency between this court’s affirmance of the district court’s finding that the defense was frivolous and this court’s failure to find the appeal frivolous is illusory. The district court’s finding was based on the arguments and proceedings in district court, while this court’s finding was based on the arguments in this court. Furthermore, this court’s award of fees under NRAP 38(b) is discretionary.