IN THE SUPREME COURT OF THE STATE OF NEVADA

ENVIRONMENTEL, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY, F/K/A AMTS
CONSORTIUM LLC,
Appellant,
vs.
THOMAS K. KURIAN, AN
INDIVIDUAL; VEGAS WIRELESS, LLC,
A NEVADA LIMITED LIABILITY
COMPANY; AMERICAN WIRELESS,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; AND RF DATA, INC., A
DISSOLVED NEVADA CORPORATION,
Respondents.

No. 74475

FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

WARREN HAVENS, AN INDIVIDUAL,
Appellant,
vs.
THOMAS K. KURIAN, AN
INDIVIDUAL; VEGAS WIRELESS, LLC,
A NEVADA LIMITED LIABILITY
COMPANY; AMERICAN WIRELESS,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; AND RF DATA, INC., A
DISSOLVED NEVADA CORPORATION,
Respondents.

No. 76199

## ORDER OF AFFIRMANCE

These are consolidated appeals from a final judgment and a post-judgment order denying a motion for a new trial in a breach of contract action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge; Douglas W. Herndon, Judge.

The parties in this case entered into a contract regarding their Federal Communications Commission (FCC)-regulated radio frequency

20-03323

licenses.[1]  In relevant part, the contract called for respondent Thomas Kurian to assign portions of his license 809[2] to appellants, and for appellant Warren Havens (an individual party to the contract and principal for appellant Environmentel, LLC) to request that the FCC cancel two licenses that he owned: 211 and 653.  The parties apparently took steps to perform under the contract, but Kurian ultimately refused to perform.  Appellants then filed the underlying breach of contract action seeking specific performance or money damages.  The jury found that Kurian had breached the contract, but that appellants were entitled only to damages, not specific performance.  The district court ultimately awarded appellants $210,703.50 in damages as recommended by the jury.  The district court later denied appellants' motion for a new trial or, in the alternative, for additur.  Environmentel and Havens filed separate appeals, which we have consolidated for resolution.

Appellants first argue that the district court erred by allowing the jury to decide whether to award specific performance.  We disagree.  A jury verdict on the issue of specific performance is merely advisory, and the record demonstrates that the district court considered the request for specific performance and rejected it.[3]  *See Misty Mgmt. Corp. v. First*

---

[1]Respondents Vegas Wireless, LLC, American Wireless, LLC, and RF Data, Inc., were dismissed in the underlying action and are not at issue in these consolidated appeals. Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

[2]The parties refer to the licenses at issue by the last three digits of their call sign so we do as well.

[3]Although the district court did not explicitly reject the request for specific performance in its final judgment, "the absence of a

*Judicial Dist. Court*, 83 Nev. 253, 254, 428 P.2d 196, 196 (1967) (holding that, in an equitable proceeding, a jury verdict is "merely advisory"). Environmentel alternatively urges that the district court abused its discretion by denying specific performance because the parties' contract called for specific performance in the event of a breach. We disagree, as appellants failed to demonstrate that the remedy at law of damages was inadequate. *See Serpa v. Darling*, 107 Nev. 299, 305, 810 P.2d 778, 782 (1991) (holding that specific performance is available only when the remedy at law is inadequate).

Appellants next argue that the district court abused its discretion by excluding evidence demonstrating that Havens' 211 and 653 licenses were valid when the parties entered into the contract. Appellants sought to use the evidence to impeach and rebut Kurian's testimony that the licenses were invalid, as that would mean that appellants could not cancel those licenses as required under the contract. We cannot say that the district court abused its discretion in excluding this evidence when it was relevant to support appellants' claimed damages, *see Bergstrom v. Estate of DeVoe*, 109 Nev. 575, 578, 854 P.2d 860, 862 (1993) (observing that "[t]he plaintiff bears the burden of proving he [or she] was damaged and of proving the extent of those damages"); *Serpa*, 107 Nev. at 304-05, 810 P.2d at 782 (explaining that specific performance is available only where plaintiff tenders performance or otherwise demonstrates that he or she is "ready, willing, and able to perform"), and appellants failed to produce it during

ruling . . . constitutes a denial of the claim." *Bd. of Gallery of History, Inc. v. Datecs Corp.*, 116 Nev. 286, 289, 994 P.2d 1149, 1150 (2000).

pretrial discovery,[4] *see LVMPD v. Yeghiazarian*, 129 Nev. 760, 764, 312 P.3d 503, 507 (2013) (reviewing a district court's decision to exclude evidence for an abuse of discretion); *see also Nev. Power Co. v. 3 Kids, LLC*, 129 Nev. 436, 444, 302 P.3d 1155, 1160 (2013) (upholding the district court's exclusion of rebuttal evidence not disclosed before trial), *as modified* (July 24, 2013); *Brand v. State*, 941 So.2d 318 (Ala. Crim. App. 2006) (recognizing that a district court may, in its discretion, exclude impeachment evidence that a party did not produce during discovery when it should have otherwise been produced).[5]

Third, we reject appellants' argument that a new trial or additur is required because the jury's damages award is inadequate to compensate for Kurian's breach. The parties presented conflicting evidence regarding the licenses' value and substantial evidence supports the amount of damages awarded such that the district court did not abuse its discretion in denying the new trial/additur motion. *See Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 74, 319 P.3d 606, 611 (2014) (reviewing a decision on a motion for a new trial for an abuse of discretion); *Donaldson v. Anderson*, 109 Nev. 1039, 1042, 862 P.2d 1204, 1206 (1993) (reviewing a decision on a motion for additur for an abuse of discretion and holding that, in

---

[4]For this reason, we also reject Havens' contention that Kurian was permitted to raise a new defense at trial: that the 211 and 653 licenses were invalid to begin with. In addition to being part of appellants' prima facie case, as early as Kurian's deposition in 2015—relied upon by appellants at trial and in their motion for summary judgment—Kurian asserted that Havens had "misstated or overstated what [Havens] had in the first place."

[5]On this same basis, we also reject Havens' argument that the district court abused its discretion by excluding two California court orders to refute Kurian's testimony regarding specific performance.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

determining whether additur is warranted, the primary consideration is whether the damages were clearly inadequate, i.e., "shocking to the court's conscience" (internal quotation marks omitted)); *see also Ford Motor Co. v. Trejo*, 133 Nev. 520, 531, 402 P.3d 649, 657 (2017) (holding that the jury determines what weight and credibility to give conflicting evidence). We also find no support for the argument that the jury manifestly ignored the court's instructions, as it was not impossible for the jury to reach the verdict it did with the given instructions. *See Weaver Bros. v. Misskelley*, 98 Nev. 232, 234, 645 P.2d 438, 439 (1982).[6]

Havens raises four additional arguments as to why reversal for a new trial is warranted. The juror misconduct argument fails because the parties conceded below that there was no misconduct and, even if there was, it did not affect the verdict. *See Beales v. Hillhaven, Inc.*, 108 Nev. 96, 101, 825 P.2d 212, 215 (1992) (holding that a new trial is not warranted where juror misconduct is not prejudicial). We also reject Haven's argument that judicial estoppel bars Kurian from contesting appellants' ownership of the 211 and 653 licenses, as the FCC did not address or rule on this issue. *See NOLM, LLC v. Cty. of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004) (noting that, for judicial estoppel to apply, the earlier tribunal must have adopted the party's prior inconsistent position).

Havens' claim of judicial misconduct also does not warrant reversal for a new trial. Havens asserts that the district court committed judicial misconduct by "yelling" at him during trial and claims prejudice,

---

[6]We decline to address Environmentel's argument that the district court was required to reconcile the jury's verdict, raised for the first time in its reply brief. *See Phillips v. Mercer*, 94 Nev. 279, 283, 579 P.2d 174, 176 (1978).

SUPREME COURT
OF
NEVADA

(O) 1947A

but he fails to demonstrate plain error. *See Parodi v. Washoe Med. Ctr., Inc.*, 111 Nev. 365, 368, 892 P.2d 588, 590 (1995) (reviewing unpreserved claims of judicial misconduct for plain error, which is error that had a prejudicial impact on the verdict or seriously affected the integrity of the proceedings).[7] Lastly, we disagree with Havens' claim that Kurian's counsel committed jury indoctrination during closing argument such that a new trial is warranted. Havens fails to identify any specific examples of indoctrination and, even if such misconduct occurred, we see no plain error. *See Lioce v. Cohen*, 124 Nev. 1, 19, 174 P.3d 970, 982 (2008) (holding that a party waives unobjected-to claims of attorney misconduct unless plain error exists).

Based on the foregoing, we

ORDER the judgments of the district court AFFIRMED.[8]

_____, C.J.
Pickering

_____ J.
Gibbons

_____, Sr. J.
Douglas

---

[7]Havens also complains about the district court holding him in contempt. While the district court orally stated it found Havens in contempt, it took no other action such an entering a written order. Without a written order, we need not address the issue. *See State, Div. of Child & Family Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 455, 93 P.3d 1239, 1245-46 (2004) (recognizing that oral orders are ineffective and declining to address arguments regarding a district court's oral order of contempt).

[8]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Jerry A. Wiese, District Judge
Hon. Douglas W. Herndon, District Judge
Ara H. Shirinian, Settlement Judge
Schwartz Flansburg PLLC
E. Brent Bryson, P.C.
Eighth District Court Clerk
Warren Havens