# IN THE SUPREME COURT OF THE STATE OF NEVADA

BECKY A. PINTAR; AND PINTAR
ALBISTON LLP,

Petitioners,

vs.

THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JAMES CROCKETT, DISTRICT
JUDGE,

Respondents,

and

AA PRIMO BUILDERS, LLC; BERTRAL
WASHINGTON; AND CHERI
WASHINGTON,

Real Parties in Interest.

No. 81053

**FILED**

FEB 25 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

---

BECKY A. PINTAR; AND PINTAR
ALBISTON LLP,

Petitioners,

vs.

THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JAMES CROCKETT, DISTRICT
JUDGE,

Respondents,

and

AA PRIMO BUILDERS, LLC; BERTRAL
WASHINGTON; AND CHERI
WASHINGTON,

Real Parties in Interest.

No. 81362

SUPREME COURT
OF
NEVADA

(O) 1947A

21-05533

*ORDER DENYING PETITION FOR MANDAMUS IN DOCKET NO. 81053 AND GRANTING IN PART AND DENYING IN PART PETITION FOR MANDAMUS IN DOCKET NO. 81362*

These consolidated original petitions for writs of mandamus challenge district court orders awarding attorney fees and costs under NRS 7.085.

Petitioner Becky Pintar was plaintiff's counsel in the underlying breach of contract action brought by AA Primo Builders, LLC against Bertral and Cheri Washington. AA Primo alleged that the Washingtons failed to pay the contract price for a casita and pool that AA Primo built for the Washingtons. At trial on October 11, 2013, one of AA Primo's witnesses testified that the contract was void under NAC 624.640(1) (providing that a contract is void if "a licensee bids or contracts outside the scope of his or her license or exceeds the monetary limit placed on the license"). The Washingtons moved for a directed verdict, alleging the contract was void because it exceeded the scope and monetary limit on AA Primo's license. The district court denied the motion.

Although the jury returned a verdict for AA Primo, the district court set aside the verdict and entered judgment as a matter of law in favor of the Washingtons, concluding that the contract was void under NRS 624.700 (providing that a contract is "void ab initio" if an individual contracts for a job "without having an active license therefor"), and there can be no cause of action on a void contract. The court granted the Washingtons' post-judgment motion for attorney fees and costs based on a rejected offer of judgment, ordering AA Primo to pay $210,556.70 in attorney fees and $28,902.90 in costs. This court affirmed the judgment and post-judgment order awarding fees and costs.

 

The Washingtons then filed a motion in district court for additional attorney fees and costs against AA Primo for defending the unsuccessful appeal, which AA Primo did not oppose. The Washingtons then filed a "supplement" to the motion, requesting that Pintar be held jointly and severally liable for the total award of fees and costs under NRS 7.085. The district court found that Pintar filed the action with "full knowledge" that the contract was void and granted the motion. Pintar filed a petition for a writ of mandamus, and the court of appeals granted the petition, finding that it was not clear from the record that Pintar's knowledge of the license limitation meant that she knew the contract was void or the litigation groundless, and it thus directed the district court to vacate the sanction. The court of appeals order expressly allowed the Washingtons to renew their motion for sanctions in the district court.

The Washingtons filed a renewed motion for fees and costs against Pintar in district court, which she opposed. The district court denied the motion, finding that the Washingtons failed to show that Pintar knew the contract was void. The Washingtons appealed, and this court vacated and remanded, concluding that the district court failed to provide sufficient facts supporting its decision and mandating that the district court hold an evidentiary hearing to address if at any point Pintar became aware that she maintained an action not warranted by existing law. *Washington v. AA Primo Builders, LLC*, Docket No. 74101 (Order Vacating Judgment and Remanding, Apr. 30, 2019).

On remand, the district court held an evidentiary hearing and found that Pintar became aware that the contract claim was warrantless no later than October 11, 2013, when AA Primo's witness testified that the contract was void. Thus, the district court concluded that Pintar was

personally liable under NRS 7.085 for all attorney fees incurred from that date on, including for appeals and writ proceedings that addressed whether sanctions were warranted. On December 19, 2019, the district court awarded $137,487.89 in attorney fees and costs for the period of October 11, 2013 through April 22, 2016. Pintar then petitioned for a writ of mandamus, challenging the district court's December 19 order (Docket No. 81053).

In the meantime, the Washingtons filed a memorandum seeking attorney fees and costs incurred from April 22, 2016 to December 19, 2019, which Pintar opposed. On May 6, 2020, the district court entered a written order granting in part and denying in part the Washingtons' motion and awarding them $118,520.50 in attorney fees and $11,132.06 in costs for that period against AA Primo, and jointly and severally against Pintar personally, under NRS 7.085.[1] Pintar then filed a separate petition for a writ of mandamus, challenging the district court's May 6, 2020 order (Docket No. 81362), and we consolidated the matters for resolution.

*We will exercise our discretion to consider Pintar's petition*

"A writ of mandamus is available to . . . control an arbitrary or capricious exercise of discretion." *Humphries v. Eighth Jud. Dist. Ct.*, 129 Nev. 788, 791, 312 P.3d 484, 486 (2013). Generally, "[w]rit relief is not available . . . when an adequate and speedy legal remedy exists." *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). "The right . . . to appeal in the future, after a final judgment is ultimately entered, will generally constitute an adequate and speedy legal

---

[1]Under the December 19, 2019, order and the May 6, 2020, order, the district court held AA Primo and Pintar jointly and severally liable for a combined total of $267,140.45 in attorney fees and costs.

SUPREME COURT
OF
NEVADA

(O) 1947A

remedy precluding writ relief." *D.R. Horton, Inc. v. Eighth Jud. Dist. Ct.*, 123 Nev. 468, 474, 168 P.3d 731, 736 (2007).

Pintar was not a party in the underlying action, and petitions for mandamus relief are the appropriate means for her to challenge the two sanction orders. *Watson Rounds v. Eighth Jud. Dist. Ct.*, 131 Nev. 783, 786-87, 358 P.3d 228, 231 (2015). Accordingly, we will exercise our discretion to entertain this petition.

*The district court properly applied NRS 7.085 in finding that Pintar maintained a breach of contract claim that was not well-grounded in fact or warranted by law*

As relevant here, if a district court finds that an attorney "[f]iled [or] maintained . . . a civil action . . . [that] is not well-grounded in fact or is not warranted by existing law . . . ," the court must sanction the attorney by requiring that he or she personally pay the reasonable costs and attorney fees incurred as a result of such conduct. NRS 7.085(1); *Watson Rounds*, 131 Nev. at 784, 358 P.3d at 230 (internal quotation marks omitted).

We review an award of attorney fees for an abuse of discretion. *Watson Rounds*, 131 Nev. at 787, 358 P.3d at 231. A district court abuses its discretion by making an award without including "sufficient reasoning and findings in support of its ultimate determination" in its order. *Id.* at 789, 358 P.3d at 233 (internal quotation marks omitted).

In sanctioning Pintar, the district court found that she became aware that the contract was void no later than October 11, 2013, such that AA Primo could not sue for breach of contract, but nevertheless continued to maintain the contract claim even though it was objectively unreasonable to do so. Having reviewed the record and considered the parties' arguments, we conclude that substantial evidence supports the district court's findings. *See Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432

(2013) (observing that this court will uphold a district court's factual findings that are not clearly erroneous and are supported by substantial evidence); *cf. Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1239-41 (11th Cir. 2006) (observing that under the federal analog to NRS 7.085, 28 USC § 1927, courts apply an objective standard in evaluating the attorney's conduct by comparing it against the conduct of a reasonable attorney, and that while bad faith is sufficient to warrant sanctions under section 1927, it is not required); *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537-38 (9th Cir. 1986) (holding that, under Fed. R. Civ. P. 11, courts apply an objective standard to determine if a claim is well grounded in fact or warranted by existing law).[2]

On October 11, 2013, AA Primo's witness, George Lyford, the Director of Investigations for the Nevada State Contractors Board, testified that the contract was void under NAC 624.640 because it violated the monetary limits and scope of AA Primo's C-3 license. Mike Ignatowicz, the manager of AA Primo, then testified he knew that AA Primo did not have the proper license for the Washingtons' project and that AA Primo bid in excess of its license limit. Thus, as the district court found, there was no basis under the law and known facts for Pintar to maintain AA Primo's breach of contract claim after those witnesses testified. *See Schutts v. Bentley Nev. Corp.*, 966 F. Supp. 1549, 1560 (D. Nev. 1997) (imposing Fed. R. Civ. P. 11 sanctions where minimal reasonable research would have

---

[2]When interpreting the Nevada Rules of Civil Procedure, we may look to interpretations of the analogous provisions of the Federal Rules of Civil Procedure. *See Nelson v. Heer*, 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005) (recognizing that "federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules.").

shown that the plaintiff had no objectively reasonable basis for any portion of the complaint). Confirming Lyford's testimony about the contract's void status under the administrative code and Ignatowicz's testimony about the scope of his company's license required minimal research, as NAC 624.640(1) is clear on its face that if a licensee, such as AA Primo, contracts in excess of the monetary limit placed on the license, the contract is void. *AA Primo Builders, LLC v. Washington*, Docket Nos. 65804 & 66485 at *2-3 (Order of Affirmance, Nov. 24, 2015).

Pintar's argument that she should be entitled to rely on the district court's order denying the Washingtons' motion for a directed verdict does not provide grounds for writ relief, as NRS 7.085 focuses on the attorney's conduct, not the court's, and Pintar took contradictory legal positions regarding whether the NSCB or the district court could determine that the contract was void, which may have led to the court's denial of directed verdict.[3] Although Pintar also argues that the case would have

---

[3]Judge Crockett presided over this post-judgment matter after Judge Walsh retired. Pintar argues that Judge Walsh's order denying the Washingtons' motion for a directed verdict demonstrates that AA Primo's contract claim was not meritless and that Judge Crockett is bound by that determination and cannot impose sanctions under NRS 7.085. However, we have held, in the context of NRS 18.010, that district courts must consider the "actual circumstances of the case" when determining whether a plaintiff had reasonable grounds for its claim. *Bergmann v. Boyce*, 109 Nev. 670, 675, 856 P.2d 560, 563 (1993), *superseded by statute on other grounds as recognized in In re DISH Network Derivative Litig.*, 133 Nev. 438, 451 n.6, 401 P.3d 1081, 1093 n.6 (2017). Thus, while Judge Walsh's ruling on the motion for a directed verdict is relevant to a sanctions determination, *see Watson Rounds*, 131 Nev. at 790-91, 358 P.3d at 233-34 (considering, as one of several factors for determining if sanctions under NRS 7.085 are warranted, whether claims survived summary judgment), it is not the sole determinative factor a district court should consider in deciding a sanctions

continued because AA Primo alleged unjust enrichment as an alternative basis for awarding damages, the documents submitted to this court in support of the petitions show that AA Primo abandoned its unjust enrichment theory. The jury did not receive a jury instruction on unjust enrichment nor was it included on the verdict form. Moreover, at the evidentiary hearing, Pintar admitted that she "voluntarily dismissed [the unjust enrichment claim] because [she] knew [AA Primo] couldn't prevail on it." Pintar also argues that the case would have continued because the Washingtons filed counterclaims, but NRS 7.085 does not excuse an attorney's decision to maintain a claim unreasonably on the basis that the other party filed counterclaims and Pintar has not shown what amount of fees (if any) would still have been incurred by the Washingtons in pursuing the counterclaims even if she had dismissed AA Primo's claims.

We likewise are not persuaded by Pintar's argument that the sanction is inappropriate because the jury found in AA Primo's favor on the breach of contract claim before the district court vacated the verdict and entered judgment in the Washingtons' favor. Whether a contract is void is a question of law for the court, not a question of fact for the jury. *See Fed. Ins. Co. v. Am. Hardware Mut. Ins. Co.*, 124 Nev. 319, 322, 184 P.3d 390, 392 (2008) (noting that contract interpretation is a question of law when the facts are not in dispute). Thus, Pintar may not rely on the jury's factual findings regarding whether the contract was breached to argue that she did not maintain a meritless claim based on a void contract.

---

matter. Moreover, we note that Judge Walsh granted the Washingtons' motion for judgment as a matter of law shortly thereafter, having concluded the contract was void.

*The district court acted within its sound discretion by awarding attorney fees and costs but erred by awarding the Washingtons' attorney fees and costs incurred by Pintar's successful post-judgment actions*

We review sanctions awarding attorney fees for an abuse of discretion. *Watson Rounds*, 131 Nev. at 787, 358 P.3d at 231. A district court abuses its discretion when it exercises its discretion "in clear disregard of the guiding legal principles," *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014) (internal quotation marks omitted), or there is no evidence supporting the decision, *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 493, 215 P.3d 709, 726 (2009).

*The district court acted within its sound discretion in awarding attorney fees and costs from October 11, 2013 to April 22, 2016*

In the order that Pintar challenges in Docket No. 81053, the district court held Pintar jointly and severally liable for $137,487.89 in attorney fees and costs that the Washingtons incurred from October 11, 2013 to April 22, 2016. On appeal, Pintar argues that: (1) fees were not warranted as she did not maintain a warrantless contract claim; (2) the district court erred by including fees related to the motion for judgment as a matter of law; and (3) the district court erred by awarding fees related to the 2014 appeal as this court did not sanction Pintar for conduct on that appeal. We disagree. As discussed *supra*, the district court did not err when it concluded that Pintar maintained a warrantless action and thus sanctions were warranted under NRS 7.085. Further, the court did not err by awarding fees incurred litigating the motion for judgment as a matter of law. While Pintar argues that relief is warranted because her arguments against the motion for judgment as a matter of law were the same as her arguments against the motion for a directed verdict, she maintained her argument that the contract was not void despite knowing that NAC 624.640(1) voided the contract. Accordingly, as she maintained the contract

SUPREME COURT
OF
NEVADA

(0) 1947A

9

claim when arguing against the judgment as a matter of law, the district court did not err in awarding fees incurred from litigating that motion. Moreover, Pintar's argument that sanctions are not warranted for fees incurred on the 2014 appeal, because this court did not find her arguments there to be frivolous, is not persuasive.[4] While NRAP 38(a) authorizes this court to sanction an attorney for frivolous action, the district court imposed sanctions under NRS 7.085, which does not require a court to find the attorney engaged in frivolous conduct. Instead, NRS 7.085 imposes sanctions when an attorney maintains an objectively warrantless action. Further, Pintar's 2014 appeal maintained the same warrantless legal arguments regarding the contract's validity. Thus, the district court did not abuse its discretion by awarding attorney fees and costs related to this appeal.

Having addressed and rejected each of Pintar's arguments challenging this award, we deny Pintar's petition for writ of mandamus in Docket No. 81053.

*The district court abused its discretion by awarding attorney fees and costs incurred for Pintar's successful actions from April 22, 2016, to December 19, 2019*

In the order Pintar challenges in Docket No. 81362, the district court awarded an additional $129,652.56 in attorney fees and costs for the period from April 22, 2016 to December 19, 2019. Relying on *Board of Gallery of History, Inc. v. Datecs Corp.*, 116 Nev. 286, 994 P.2d 1149 (2000), Pintar argues that the district court lacked jurisdiction to award attorney

---

[4]Further, in the 2014 appeal, the Washingtons did not file a motion for attorney fees under NRAP 38. Accordingly, we did not consider if Pintar's actions on appeal were frivolous.



fees and costs for actions taken in appellate courts. She further argues that the district court erred by sanctioning her for actions taken during this period that were warranted by existing law. We address each argument in turn.[5]

In *Board of Gallery of History*, we held that a district court could not sanction a party for actions taken on appeal under NRS 18.010(2)(b). 116 Nev. at 287, 994 P.2d at 1149. In doing so, we stated that "[t]here is no provision in the statutes authorizing the district court to award attorney fees incurred on appeal" because "NRAP 38(b) authorizes only this court to make such an award if it determines that the appeals process has been misused." *Id.* at 288, 994 P.2d at 1150. We further held that the district court could not impose sanctions because this court had specifically held that the Board's conduct on appeal did not merit sanctions, and thus the law of the case doctrine prohibited the district court from making a contrary finding. *Id.* Here, the district court awarded attorney fees and costs against an attorney under NRS 7.085, which was not addressed in *Board of Gallery of History*. NRS 7.085(1) provides that "[i]f *a* court finds that an attorney has . . . [f]iled, maintained or defended a civil action or proceeding *in any court in this State* and such action . . . is not well-grounded in fact or is not warranted by existing law . . . the court shall require the attorney personally to pay the additional costs, expenses and attorney's fees reasonably incurred because of such conduct." (emphasis added). Giving effect to NRS 7.085's plain language, the statute authorizes a district court

---

[5]Pintar did not challenge the reasonableness of the amounts awarded. Instead, she challenges the propriety of awarding fees for specific events. Thus, a *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969) analysis is not necessary.




to sanction an attorney for filing an appeal or maintaining a defense on appeal that is not well-grounded in fact or law. Thus, Pintar's reliance on *Board of Gallery of History* is misplaced.[6]

However, the district court abused its discretion by sanctioning Pintar for her successful writ petition challenging the original sanction order. Under NRS 7.085, Pintar is liable for actions taken that are not "well-grounded in fact" or "warranted by existing law." Thus, while the district court properly sanctioned Pintar for maintaining the contract claim after knowing it was not warranted by existing law, NRS 7.085 does not authorize sanctions for Pintar's later actions that were warranted under existing law. As the court of appeals agreed with Pintar that the record, at that time, did not support awarding sanctions, Pintar's petition was warranted by existing law and the district court erred by awarding the Washingtons' attorney fees and costs incurred unsuccessfully litigating that writ petition.

Finally, the district court acted within its sound discretion by awarding attorney fees and costs related to the Washingtons' renewed motion for attorney fees and costs and the evidentiary hearing that gave rise to this appeal. That motion arose because Pintar maintained a

---

[6]Pintar argues that the district court abused its discretion by awarding attorney fees and costs for this period even though the Washingtons did not request attorney fees and costs for this period in their renewed motion. We disagree. While the Washingtons did not explicitly request fees for this period in their motion, district courts have the inherent authority to sua sponte award attorney fees as sanctions for misconduct. *See Lioce v. Cohen*, 124 Nev. 1, 26, 174 P.3d 970, 986 (2008) ("Therefore, the district court may, on a party's motion or sua sponte, impose sanctions for professional misconduct at trial, after providing the offending party with notice and an opportunity to respond.").

(O) 1947A

warrantless contract claim. Thus, the attorney fees and costs related to the renewed motion were "reasonably incurred" due to Pintar maintaining a warrantless action and are recoverable under NRS 7.085 (providing that an attorney who maintains a warrantless action shall pay "additional costs, expenses and attorney's fees reasonably incurred because of such conduct"). Similarly, the evidentiary hearing was necessary to determine whether Pintar's actions in maintaining the contract claim warranted sanctions under NRS 7.085. Thus, the attorney fees and costs related to the evidentiary hearing were "reasonably incurred" due to Pintar maintaining a warrantless action and are recoverable under NRS 7.085.

In sum, we conclude that the district court abused its discretion by sanctioning Pintar and awarding the Washingtons' fees and costs incurred in responding to post-judgment actions in which Pintar prevailed, and thus we grant in part the petition in Docket No. 81362. We deny Pintar's writ petition in Docket No. 81053, as we are not persuaded that our extraordinary and discretionary intervention is warranted as to the challenged order.[7] *See Pan v. Eighth Jud. Dist. Ct.*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted). Consistent with the foregoing, we

ORDER the petition in Docket No. 81053 DENIED and the petition in Docket No. 81362 GRANTED IN PART AND DENIED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE a writ of mandamus instructing the district court to vacate the award of attorney

---

[7]To the extent that Pintar asserts other arguments, we have reviewed the record and find them to be unpersuasive.

fees and costs related to Pintar's successful writ petition before the court of appeals.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Chief Judge, Eighth Judicial District Court
Pintar Albiston LLP
Parker, Nelson & Associates
Eighth District Court Clerk